[Cite as *State v. Spencer*, 2013-Ohio-137.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  6-12-15

    v.

JULIE ANN SPENCER,             O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  6-12-16

    v.

JULIE ANN SPENCER,             O P I N I O N

    DEFENDANT-APPELLANT.

**Appeals from Hardin County Common Pleas Court**
**Trial Court Nos. 20112266CRI and 20112079CRI**

**Judgments Affirmed**

**Date of Decision:  January 22, 2013**

APPEARANCES:

    *Michael B. Kelley* **for Appellant**

    *Bradford W. Bailey and Destiny R. Hudson*  **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Julie Ann Spencer ("Spencer"), appeals the June 12, 2012 judgments of the Hardin County Court of Common Pleas journalizing her conviction by guilty plea and sentencing her to serve seventeen months in prison for her conviction for possession of heroin, in violation of R.C. 2925.11(A), (C)(6)(b), and eleven months in prison for her conviction for trafficking in heroin, in violation of R.C. 2925.03(A)(1), (C)(6)(a), with the sentences to be served consecutively.

{¶2} This consolidated appeal arises from two separate cases, which were handled together at the trial court level.

{¶3} On May 6, 2011, in case number 20112079, Spencer was indicted on two counts of complicity to trafficking in heroin, in violation of R.C. 2923.03(A)(2) and R.C. 2925.03(A)(1), (C)(6)(c), and one count of possession of heroin, in violation of R.C. 2925.11(A), (C)(6)(b). All three offenses are felonies of the fourth degree.

{¶4} Spencer was subsequently arraigned and released on personal recognizance. While released on personal recognizance with her case pending, Spencer committed an additional offense when she sold heroin to a police informant. Consequently, on December 22, 2011, in case number 20112266,

Spencer was indicted on one count of trafficking in heroin, in violation of R.C. 2925.03(A)(1), (C)(6)(a), a felony of the fifth degree.

**{¶5}** On March 2, 2012, Spencer appeared in court on both cases to change her plea pursuant to a negotiated plea agreement with the prosecution. However, the change of plea hearing was continued upon the trial court discovering that Spencer failed a drug test.

**{¶6}** On March 23, 2012, Spencer again appeared in court on both cases for a change of plea hearing. The trial court conducted a Crim.R. 11 colloquy with Spencer in open court and Spencer entered a guilty plea to one count of possession of heroin as charged in count three in the indictment in case number 20112079, and one count of trafficking in heroin as charged in the indictment in case number 20112266. In exchange for her guilty plea, the prosecution dismissed the two counts of complicity to trafficking in heroin in case number 20112079 and agreed to a jointly recommended sentence of three years of community control.

**{¶7}** The trial court reserved imposing Spencer's sentence until a pre-sentence investigation could be completed. On the record, the trial court encouraged Spencer to participate in the pre-sentence investigation and advised her that her failure to cooperate would be taken into consideration at sentencing. Spencer failed to appear at her interview for the pre-sentence investigation report.

{¶8} On June 11, 2012, Spencer appeared for sentencing. The trial court declined to adopt the joint sentence recommendation of three years of community control and instead imposed a seventeen month prison term for Spencer's conviction for possession of heroin in 20112079 and an eleven month prison term for her conviction for trafficking in heroin in case number 20112266. The trial court ordered the prison terms to be served consecutively. Spencer's sentence was journalized in the trial court's June 12, 2012 Judgment Entries.

{¶9} It is from these judgments that Spencer now appeals asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROPERLY CONSIDER THE SENTENCING FACTORS FOUND IN O.R.C. 2929.11-2929.14 WHEN IT SENTENCED APPELLANT TO A PRISON TERM.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED WHEN IT ACCEPTED THE APPELLANT'S GUILTY PLEA AS THAT PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY GIVEN.**

{¶10} At the outset, we note that trial courts may reject plea agreements and are not bound by a jointly recommended sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead

-4-

guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772.  At the change of plea hearing, the trial court engaged in the following dialogue with Spencer regarding the joint sentence recommendation.

> **Trial Court:  In both these cases, ma'am, there has been talk of recommended sentences.  You understand that that's all those are to me, are recommendations?**
>
> **Spencer:  Yes sir.**
>
> **Trial Court:  That I am free to accept or reject those recommendations, in whole or in part, and to sentence you within the guidelines in which we've just talked about?**
>
> **Spencer:  Yes Your Honor, I do.**
>
> **Trial Court:  You're not sitting here today in either one of these cases believing that you've been guaranteed any particular sentence are you?**
>
> **Trial Court:  No Your Honor.**

(Change of Plea Trans. p. 25).  Accordingly, the record reflects that Spencer was adequately apprised of the trial court's discretion to either accept or reject the joint sentence recommendation prior to pleading guilty to the charges.

**{¶11}** We now address the particular arguments raised by Spencer on appeal. For ease of discussion, we elect to discuss Spencer's assignments of error out of order.

*Second Assignment of Error*

**{¶12}** In her second assignment of error, Spencer claims that the trial court erred when it accepted her guilty plea. Specifically, Spencer argues that her plea was not knowingly, intelligently, and voluntarily made as required by Crim.R. 11.

**{¶13}** Before accepting a guilty plea, Crim.R. 11 requires the trial court to personally address a defendant to determine if the plea is voluntary, and that the defendant understands both the plea itself as well as the rights waived by pleading guilty. *See* Crim.R. 11(C)(2). In determining whether a guilty plea is voluntarily, intelligently, and knowingly made, the court must look to the totality of the circumstances. *State v. Calvillo*, 76 Ohio App.3d 714, 719 (8th Dist.1991), citing *State v. Carter*, 60 Ohio St.2d 34, 38 (1979).

> **The essential duty imposed upon the trial judge by Crim.R. 11 is to ascertain that the defendant's decision to plead guilty, and thereby waive her various constitutional rights to a fair trial, is a knowing and intelligent decision. In the typical case, this requires the trial judge to determine that the defendant, with an understanding of the nature of the charges against him, acknowledges his guilt, and that, with an understanding of the constitutional protections to which he is entitled, he agrees to waive them.**

*State v. Padgett*, 67 Ohio App.3d 332, 338 (2d Dist.1990). Thus. Crim.R. 11 requires a meaningful dialogue between the trial court and the defendant. A trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, at paragraph two of the syllabus (1981); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 27.

{¶14} On appeal, Spencer claims that the record demonstrates instances of her "obvious confusion at the [change of] plea hearing, possibly due to prescribed medications Xanax and Percocet." (Appt. Brief at 17). In support of her argument, Spencer maintains she exhibited signs of confusion by neglecting to sign her middle name on one of the plea documents, by being unsure of the last day she took her prescription for Percocet and by not understanding who carries the burden of proof in her case. However, when reviewing the entire transcript from the change of plea hearing, it is apparent that on appeal Spencer is attempting to isolate specific statements made on the record while failing to discuss these statements in their full context. The following are excerpts of the exchanges between the trial court and Spencer from the change of plea hearing which Spencer claims is evidence of her "obvious confusion."

**Trial Court: Oh, Okay. Ms. Spencer are you under the influence of any substance today that would impair your ability to understand what's taking place?**

**Defendant: No, Your Honor.**

**Trial Court: Okay. Well, the Court might take a different view of that. You are under certain prescription medications?**

**Defendant: I have taken none this morning, Your Honor.**

**Trial Court: I appreciate that. Answer my question. You are under doctor's care and you take certain prescriptions?**

**Defendant: Yes sir, I do.**

**Trial Court: Xanax is one of them?**

**Defendant: Yes sir.**

**Trial Court: Percocet?**

**Defendant: Yes sir.**

**Trial Court: What else?**

**Defendant: That's it.**

**Trial Court: That's it? You don't take anything for your kidney problem, or?**

**Defendant: Yeah I take all, a lot of it depends on the (inaudible).**

**Trial Court: Okay. Are any of those narcotics?**

**Defendant: Just the Percocets.**

**Trial Court: Okay. And when was the last time you took a Percocet?**

**Defendant: Two days ago.**

**Trial Court: Two days ago.**

**Defendant: Thursday. What is today?**

**Trial Court: Thursday would have been yesterday. Okay. Early or late?**

**Defendant: Early.**

**Trial Court: Okay. [Defense Counsel], you've certainly been working with Ms. Spencer for some time?**

**Defense Counsel: Yes sir.**

**Trial Court: Your ability to go over the paperwork with her and have her comprehend and understand what was taking place was good or bad?**

**Defense Counsel: I had no problems with her Judge. I believe she does understand and she's been able to answer my questions, and ask cogent and proper questions of me.**

**Trial Court: State?**

**Prosecutor: Your Honor the State would trust [Defense Counsel's] opinion. She does appear to be aware of what's going on in the courtroom today as well, so.**

**Trial Court: The record has been made. \* \* \***

**\* \* \***

**Trial Court: The Prosecutor's Office in Hardin County is charged by the Ohio Constitution, represents the State of Ohio in felony court, they're also charged by that same constitutional provision to go to the grand jury before they bring charges in this court. They did that in this case, but their job is not done. They also have to be able to bring in sufficient evidence to**

**convince a jury or to convince me that you're guilty of the charges they bring. Not only guilty, but guilty beyond a reasonable doubt. Highest form of proof we require in our judicial system. Since the Prosecutor's Office has gotta bring the charges and prove the charges beyond a reasonable doubt, at no time do you have to prove anything in this courtroom, do you?**

**Defendant: (Inaudible)**

**Trial Court: No, now listen to my question, ma'am. Do you believe that you have to prove anything here?**

**Defendant: Um, I'm just proving that I'm guilty, right?**

**Trial Court: No. You're not doing that, that's the duty of the Prosecutor.**

**Defendant: Oh. No then, Your honor. No.**

**Trial Court: That's right. You have no duty. In fact, we'll talk about it in a minute, but you're presumed innocent until the State produces that proof beyond a reasonable doubt, aren't you? So you can sit there and do absolutely nothing, right?**

**Defendant: Yes, Your Honor.**

**Trial Court: Okay. Okay. And so consequently, since the prosecution has to bring the charges and prove the charges beyond a reasonable doubt, do you understand that by pleading guilty in these cases, is letting the prosecution off the hook—they don't have to prove anything beyond a reasonable doubt here today?**

**Defendant: Yes sir.**

**Trial Court: So by your guilty pleas in each of these cases, you are freely and voluntarily giving up that constitutional right you have to have your guilt established beyond a reasonable doubt. Do you understand that?**

**Defendant: Yes Your Honor.**

(Change of Plea Trans. pp.7-8, 14-15).

{¶15} In reviewing the record, and looking at the totality of the circumstances, we find that none of the instances raised by Spencer on appeal demonstrate that she was so confused as to negate the voluntariness of her guilty plea. Rather, we find that the record demonstrates that in each instance in which Spencer exhibited some potential misunderstanding about the process of entering a guilty plea, the trial court took the appropriate measures to ensure that Spencer was entering her guilty plea voluntarily, intelligently, and knowingly. Moreover, the record also demonstrates that the trial court engaged in a meaningful dialogue with Spencer which, in substance, explained the pertinent constitutional rights in a manner reasonably intelligible to Spencer. Accordingly, we find no error with the comprehensiveness of the trial court's Crim.R. 11 colloquy and further conclude that the record supports the trial court's finding that Spencer's guilty pleas were voluntarily, intelligently, and knowingly made. Spencer's second assignment of error is overruled.

*First Assignment of Error*

{¶16} In her first assignment of error, Spencer claims the trial court failed to consider the appropriate statutory factors when it sentenced her to serve a prison

term. Specifically, Spencer argues that the prison term imposed by the trial court is not supported by the record.

{¶17} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3d Dist. No. 16–07–07, 2007–Ohio–5774, ¶ 8, citing *State v. Carter*, 11th Dist. No.2003–P–0007, 2004–Ohio–1181. In particular, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal.

> **The court hearing an appeal \* \* \* shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

{¶18} Furthermore, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the

seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.  *See* R.C. 2929.11(A),(B).

{¶19} Despite Spencer's arguments on appeal, the record establishes that the trial court considered the relevant factors from R.C. 2929.11 and R.C. 2929.12 in sentencing Spencer.  Moreover, in exercising its discretion to impose a prison term for Spencer's convictions rather than to adopt the joint sentence agreement, the trial court noted on the record the following factors contributed to its decision to find that Spencer was not amenable to community control and that the prison terms imposed were justified.

{¶20} First, the trial court noted Spencer's failure to take accountability for not appearing for the pre-sentence investigation interview by blaming her drug addiction, her health, and the probation department.  Second, the trial court listed Spencer's several prior convictions, including multiple theft convictions, a criminal history that spanned over a decade into her juvenile record, and observed the fact that Spencer had previously served prison time for her past offenses.  Last, the trial court also noted that one of the two offenses for which Spencer was being sentenced occurred while Spencer was released on bond and under indictment for the other offense.

**{¶21}** We further note that R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence. However pursuant to R.C. 2929.13(B)(1)(b)(iii) the trial court has discretion to impose a prison term upon said offender if the offender violated a term of the conditions of bond as set by the court. In addition, R.C. 2929.13(B)(2) directs the trial court to determine the applicability of a list of factors when sentencing an offender for a fourth or fifth degree felony, which includes (g) whether "[t]he offender at the time of the offense was serving, or the offender previously had served, a prison term," and (h) whether "[t]he offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. Further, R.C. 2929.13(B)(3)(a) states that:

> **If the court makes a finding described in division (B)(2)\* \* \* (g), (h) \* \* \*of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction,** *the court shall impose a prison term upon the offender.*

(Emphasis Added). As previously mentioned, the trial court found that Spencer had already served a prison term, which was verified by the pre-sentencing investigation report, that Spencer committed one of the offenses for which she was being sentenced while she was on personal recognizance, which violated a term of

the conditions of her personal recognizance,[1] and that Spencer was not amenable to community control.

**{¶22}** Finally, Spencer was convicted of possession of heroin, in violation of R.C. 2925.11(A), (C)(6)(b), a felony of the fourth degree, which carries a possible prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. *See* R.C. 2929.14(A)(4). Spencer was also convicted of trafficking in heroin, in violation of R.C. 2925.03(A)(1), (C)(6)(a), a felony of the fifth degree, which carries a possible prison term of six, seven, eight, nine, ten, eleven, or twelve months. *See* R.C. 2929.14(A)(5). Thus, both prison terms imposed by the trial court were within the permissible statutory range.

**{¶23}** Accordingly, for all these reasons, we find no error with the sentence imposed on Spencer by the trial court. Spencer's first assignment of error is overruled.

**{¶24}** Based on the foregoing, the judgments of the Hardin County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**

---

[1] One of conditions of Spencer's personal recognizance was to "[h]ave no violations of law and be of general good behavior." (Doc. 6 at 2).