[Cite as *State v. Henry*, 2019-Ohio-2766.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  8-18-52

      v.

BRANDIE D. HENRY,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 05 0142

**Judgment Affirmed**

**Date of Decision:**    July 8, 2019

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Sarah J. Warren* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Brandie D. Henry ("Henry"), appeals the September 10, 2018 judgment of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} In early 2017, Henry became acquainted with the victim in this case, who was between 80 and 81 years old during the commission of Henry's offense. (*See* Doc. No. 21). As the relationship developed between Henry and the victim, Henry told him that her grandmother had recently died and that she would be receiving a large inheritance. (*Id.*). Henry informed him that she needed to hire an attorney to administer her grandmother's estate and that the attorney would only accept a cash retainer. (*Id.*). Thereafter, Henry delivered various checks drawn on her account at Woodforest National Bank to the victim in exchange for cash. (*Id.*). Henry instructed the victim to retain the checks until she received her inheritance, at which time the victim could cash the checks as payment for the various cash advances. (*Id.*). Between March 2017 and January 2018, Henry received $239,896.89 using this scheme. (*Id.*). Upon realizing that Henry fabricated the story about receiving an inheritance from her grandmother, the victim reported Henry and her scheme to law enforcement authorities. (*Id.*). The victim further alleged that Henry had stolen a gold bar and a valuable firearm from him, along with other items. (*See* Sept. 10, 2018 Tr. at 22-23). The victim also accused Henry of

charging $2,000 to a JC Penney credit account that was opened in his name. (*Id.* at 23).

{¶3} On May 8, 2018, the Logan County Grand Jury indicted Henry on one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(3), (B)(3), a first-degree felony. (Doc. No. 2). On May 21, 2018, Henry appeared for arraignment and entered a plea of not guilty. (Doc. No. 15).

{¶4} A change of plea hearing was held on August 7, 2018. (Doc. Nos. 35, 38); (Aug. 7, 2018 Tr. at 1-4). At the hearing, the State moved to amend the indictment from theft from a person in a protected class to attempted theft from a person in a protected class in violation of R.C. 2913.02(A)(3), (B)(3) and 2923.02(A), (E)(1), a second-degree felony. (*See* Doc. No. 38). The trial court subsequently granted the State's motion and amended the count of the indictment. (*Id.*). Then, pursuant to a negotiated plea agreement, Henry withdrew her not guilty plea and pleaded guilty to the count of the amended indictment. (*Id.*); (Aug. 7, 2018 Tr. at 21). In exchange, the State agreed to jointly recommend a sentence of six years in prison. (Doc. No. 38); (Aug. 7, 2018 Tr. at 4, 10). The trial court accepted Henry's guilty plea, found her guilty, and ordered a presentence investigation. (Doc. No. 38); (Aug. 7, 2018 Tr. at 21-23).

{¶5} On September 10, 2018, the trial court sentenced Henry to a term of seven years' imprisonment. (Doc. No. 39). In addition, the trial court ordered Henry to pay restitution to the victim in the amount of $260,964.89. (*Id.*).

{¶6} Henry filed a notice of appeal on October 10, 2018. (Doc. No. 52). She raises one assignment of error.

## Assignment of Error

**The record in this matter does not support more than the joint sentencing recommendation presented to the court.**

{¶7} In her assignment of error, Henry argues that the trial court erred by sentencing her to seven years in prison. Specifically, Henry argues that the record does not support the imposition of a sentence longer than the jointly recommended sentence of six years' imprisonment. (Appellant's Brief at 4-5).

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a second-degree felony, attempted theft from a person in a protected class carries a sanction of two to eight years' imprisonment. R.C. 2913.02(A)(3), (B)(3) (Sept. 16, 2014) (current version at R.C. 2913.02(A)(3), (B)(3) (Mar. 20, 2019)); R.C. 2923.02(A), (E)(1) (Apr. 4, 2007) (current version at R.C. 2923.02(A), (E)(1) (Mar. 20, 2019)); R.C. 2929.13(D)(1) (Oct. 17, 2017) (current version at R.C. 2929.13(D)(1) (Mar. 22, 2019)); R.C. 2929.14(A)(2) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(2)(b) (Mar. 22, 2019)).

**{¶10}** The trial court sentenced Henry to seven years in prison for attempted theft from a person in a protected class. Thus, Henry's sentence falls squarely within the statutory range. A non-consecutive sentence "'imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶11}** "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B) (Sept. 30, 2011) (current version at R.C. 2929.11(B) (Oct. 29, 2018)). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A).

**{¶12}** Henry's main objection is that the trial court did not impose the jointly recommended sentence of six years' imprisonment. However, Henry overlooks that "trial courts * * * are not bound by a jointly recommended sentence." *State v. Spencer*, 3d Dist. Hardin Nos. 6-12-15 and 6-12-16, 2013-Ohio-137, ¶ 10, citing

*State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. "'A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor."'" *Id.*, quoting *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, ¶ 13 (5th Dist.). Here, Henry was adequately advised that the trial court was not required to impose the jointly recommended sentence. (Aug. 7, 2018 Tr. at 10); (Doc. No. 38). Therefore, provided that the trial court properly considered the purposes of felony sentencing set forth in R.C. 2929.11(A) and the R.C. 2929.12(B)-(E) felony-sentencing factors, the trial court's deviation from the jointly recommended sentence will not support a modification or vacation of Henry's sentence.

{¶13} From the record, it is clear that the trial court sentenced Henry after considering the purposes of felony sentencing set forth in R.C. 2929.11(A) and the R.C. 2929.12(B)-(E) factors relevant to the seriousness of her offense and the likelihood that she would recidivate. Before announcing Henry's sentence, the trial court stated that "[w]hen formulating a sentence, the Court has to consider * * * protecting the public from * * * future crime, deterring [Henry], deterring others, [and] rehabilitation." (Sept. 10, 2018 Tr. at 17). The trial court also indicated that

"[p]unishing [Henry] is appropriate." (*Id.*). Furthermore, the trial court acknowledged that it "must * * * provide some discussion about restitution." (*Id.* at 18). Therefore, the record clearly demonstrates that the trial court considered the purposes of felony sentencing set forth in R.C. 2929.11(A) when sentencing Henry.

{¶14} The record also supports that the trial court considered the applicable R.C. 2929.12(B)-(E) factors. First, the trial court considered the factors indicating that Henry's conduct was more serious than conduct normally constituting the offense. *See* R.C. 2929.12(B). The trial court observed that the victim of Henry's offense "invited [her] into his home to assist him" and that she was "in a position of trust" with the victim. (Sept. 10, 2018 Tr. at 14). Thus, the trial court recognized that Henry's relationship with the victim facilitated the offense. *See* R.C. 2929.12(B)(6). Moreover, the trial court seemed to consider the victim's advanced age as a factor suggesting that Henry's conduct was more serious than conduct normally constituting the offense. (Sept. 10, 2018 Tr. at 14). *See* R.C. 2929.12(B)(1). Finally, the trial court treated Henry's theft of "not tens of thousands, [but] hundreds of thousands of dollars" as an infliction of serious economic harm on the victim. (Sept. 10, 2018 Tr. at 14, 17). *See* R.C. 2929.12(B)(2).

{¶15} The trial court also considered whether Henry is likely to commit future crimes. *See* R.C. 2929.12(D). First, the trial court considered Henry's adult

criminal history as reflected in the presentence investigation report ("PSI"). (Sept. 10, 2018 Tr. at 11-14). *See* R.C. 2929.12(D)(2). In 2012, Henry was indicted in Logan County on one count of theft in violation of R.C. 2913.02 and one count of possession of drugs in violation of R.C. 2925.11. (PSI at 4). For these two charges, Henry petitioned for and was granted intervention in lieu of conviction ("ILC"). (*Id.*). However, she was unsuccessfully terminated from ILC in 2016. (*Id.* at 4-5). The PSI also reflects that Henry has prior convictions for falsification and violating a protection order, both first-degree misdemeanors. (PSI at 7). Finally, in 2013, Henry was convicted of one count of fourth-degree felony theft in Delaware County and sentenced to five years of community control. (*Id.*). Although the trial court characterized Henry's criminal record as "not significant," it specifically "note[d] that [she was] on community control sanctions from Delaware County for * * * nothing less than theft. * * * [S]he's a predator." (Sept. 10, 2018 Tr. at 17).

{¶16} The trial court also addressed whether Henry had responded favorably to sanctions previously imposed for criminal convictions. *See* R.C. 2929.12(D)(3). The trial court stated, "[Henry had] been given two bites at the apple before in terms of two counts [she was] given treatment in lieu of conviction. [She was] unsuccessfully terminated in those cases, suggesting to [the trial court] that [she does] not take community control sanctions seriously." (Sept. 10, 2018 Tr. at 14). Indeed, the record reflects that Henry was placed under community control for five

years for her 2013 felony conviction in Delaware County and that Henry's ILC arising from the 2012 Logan County case was unsuccessfully terminated in 2016. (PSI at 4-5, 7). The trial court emphasized repeatedly that Henry committed the offense in this case while she was still subject to community control. (Sept. 10, 2018 Tr. at 14, 17).

{¶17} The record also reflects that Henry alternated between downplaying the extent of her misconduct and expressing remorse for her offense. *See* R.C. 2929.12(D)(5), (E)(5). In writing her statement for the PSI, Henry attempted to minimize her fault for the crime by accusing the victim of sexual impropriety and of having threatened her life and the wellbeing of her four-year-old son. (PSI at 3). She wrote that the victim "threatened he was going to take [her] from [her] 4 year old son and lie and say [she] stole from him and send [her] away for a long time, that he has money to pay his way out and use the 'old man' card." (*Id.*). In addition, the PSI writer reported that Henry "stated she was sitting in jail for 'no reason'" and denied stealing from the victim. (*Id.*). Yet, at the sentencing hearing, Henry stated that she "would like the Court to know that [she] accept[s] full responsibility for [her] actions and * * * [she] sincerely apologize[s]." (Sept. 10, 2018 Tr. at 4). However, even after communicating her regret, Henry still insisted that she "didn't take any money from [the victim]" and that "he would give [her] money." (*Id.* at 8). The trial court remarked that it did not "like [Henry's] version of events one

little bit" because she was "making it sound like [she was] the victim." (*Id.* at 10). Thus, it appears as though the trial court believed that Henry's remorsefulness was less than genuine. *See* R.C. 2929.12(D)(5).

{¶18} Finally, the record demonstrates that the trial court was not ignorant of mitigating factors regarding the seriousness of Henry's conduct. For example, the trial court was aware of Henry's extensive history of drug abuse, and it was on notice that Henry committed the offense, in part, to finance her drug addiction. (Sept. 10, 2018 Tr. at 10, 13). *See* R.C. 2929.12(C)(4). Ultimately, however, "'[a] sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12,'" and here, the trial court afforded more weight to the aggravating factors presented than to the mitigating factors. *Smith*, 2015-Ohio-4225, at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶19} In conclusion, the trial court properly considered the purposes of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Henry's sentence is within the statutory range. Therefore, there is not clear and convincing evidence that Henry's sentence is unsupported by the record or that her sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

{¶20} Henry's assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**