[Cite as *State v. Saldana*, 2013-Ohio-1122.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 12-12-09

    v.

JOSEPH S. SALDANA,                O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Putnam County Common Pleas Court
Trial Court No. 2012CR00008

Judgment Affirmed

Date of Decision: March 25, 2013

---

APPEARANCES:

    *Esteban R. Callejas* for Appellant

    *Todd C. Schroeder* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Joseph Saldana ("Saldana"), appeals the judgment of the Putnam County Court of Common Pleas, finding him guilty and sentencing him to eighteen months in prison after Saldana pled guilty to one count of aggravated assault. On appeal, Saldana contends that his guilty plea was not knowingly, intelligently, and voluntarily given, and that the trial court erred when it sentenced him to the maximum sentence. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 18, 2012, the Putnam County Grand Jury filed a single count indictment charging Saldana with felonious assault in violation of R.C. 2903.11(A)(1) and/or (2), a felony of the second degree. The charges stem from an altercation that occurred on January 1, 2012, when Saldana, his brother, and another man went to the home of the victim, and a fight ensued. The indictment stated that Saldana caused and/or attempted to cause serious physical harm to another by means of a deadly weapon by using a handgun as a weapon and striking the victim while at his house in Ottawa, Putnam County, Ohio.

{¶3} Saldana originally entered a plea of not guilty. (Jan. 19, 2012 Arraignment Hearing Tr.) A jury trial was set for April 10, 2012.

{¶4} Subsequently, a plea agreement was reached and a change of plea hearing was held on March 20, 2012. Saldana, who appeared along with his court-

appointed attorney, elected to waive indictment and to proceed by bill of information upon the agreement that Saldana would plead guilty to a reduced charge of aggravated assault in the bill of information, which was a felony of the fourth degree. The plea agreement did not make a sentencing recommendation but stated that the State would remain silent as to sentencing.

{¶5} The trial court conducted a full and detailed Crim.R. 11 plea colloquy before accepting Saldana's pleas and finding him guilty. The trial court questioned Saldana in detail to determine whether he understood everything that he was agreeing to, whether he could read and write, how far he went in school, if he was satisfied that he knew what the charges were about, whether he was under the influence of drugs or alcohol, whether he knew what he was doing, and whether he was changing his plea and waiving indictment freely and voluntarily of his own free will. The trial court informed Saldana that the offense carried with it a potential sentence of up to eighteen months in prison. Saldana was given several opportunities to ask questions.

{¶6} Before the trial court would accept the plea, it explained in detail all of the rights that Saldana was giving up by entering his pleas rather than going to trial. Saldana acknowledged that he understood and agreed to waive each and every right read to him by the trial court.

{¶7} The trial court then asked the prosecutor to state the factual basis of the plea. When Saldana disputed the accuracy of the facts, the trial court asked him why he was entering a plea if he did not acknowledge what had occurred. However, after further discussion, Saldana admitted that the victim was assaulted, and understood that he could be held equally culpable of assault if he was found to be aiding or abetting, or complicit with another in the assault. He affirmatively indicated that he wished to enter a guilty plea.

{¶8} The trial court was given a copy of the plea agreement signed by Saldana, his attorney, and the prosecutor. The plea agreement also set forth the rights that Saldana was waiving, and the maximum penalties and other ramifications of a guilty plea. The trial court then accepted Saldana's guilty plea. It ordered a presentence investigation report and continued the matter for sentencing.

{¶9} A sentencing hearing was held on April 30, 2012. The trial court sentenced Saldana to the maximum sentence, eighteen months in prison, with credit for the 121 days served.

{¶10} It is from this judgment that Saldana now appeals, raising the following assignments of error for our review.

**First Assignment of Error**

**The trial court erred when it imposed the maximum sentence upon [Saldana].**

**Second Assignment of Error**

**The trial court erred when it accepted [Saldana's] guilty plea as that plea was not knowingly, intelligently, and voluntarily given.**

{¶11} In order to facilitate our review, we elect to address the assignments of error out of order. In the second assignment of error, Saldana claims that his plea was not knowingly, intelligently, and voluntarily given for several reasons, including, Saldana had suffered a head injury "a mere several months before the plea"; the court failed to give him a competency examination; the court failed to advise him of his presumption of innocence; the trial court did not inform him that "the state's recommendation and [Appellant's] plea did not bind the court nor guarantee a less than maximum sentence"; and, that the State failed to allege at the plea hearing that the offense occurred within the State of Ohio.

{¶12} However, the record reflects that Saldana never filed a motion to withdraw his guilty plea with the trial court pursuant to Crim.R. 32.1, either prior to or after sentencing. A failure to assert an alleged error in the trial court waives that error on appeal. *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). Therefore, his failure to raise these arguments in the court below ordinarily precludes us from reviewing these issues on appeal. *See State v. Draper*, 3d Dist. No. 12-10-07, 2011-Ohio-773, ¶ 9; *State v. Rodeback*, 8th Dist. No. 80151, 2002-Ohio-2739, ¶

21; *State v. Stokes*, 8th Dist. No. 69032 (Mar. 7, 1996), 1996 WL 100955; *State v. Tisdale*, 8th Dist. 74331 (Dec. 17, 1998), 1998 WL No. 895279.

{¶13} Notwithstanding this omission, we find that the trial court's colloquy with Saldana demonstrated that he entered his plea knowingly, voluntarily, and intelligently. The trial court covered all of the areas required by Crim.R. 11(C) and Saldana indicated that he understood everything. The trial court even stopped and further explained one or two areas in more detail when Saldana raised a question. Saldana was represented by an attorney, and indicated that he was satisfied with his representation.

{¶14} There is no merit to the arguments raised by Saldana. Even if he would have raised the matter in the trial court, Saldana has not pointed to any issues that would have constituted a manifest injustice to allow for the withdrawal of his guilty plea.

{¶15} Although Saldana did suffer an injury to his head during the altercation, several month prior, he was treated and released that same evening. There was no evidence anywhere in the record that he suffered any lingering effects from his injury that would impair his understanding in any way. Without any factual assertions that support that this injury had a lasting and detrimental effect, there was no reason for a competency examination.

**{¶16}** There was also no need to inform Saldana that the State's recommendation for less than the maximum sentence wasn't binding, *because the State made no such recommendation*; the plea agreement only stated that the State would remain silent as to sentencing. There was never any representation that Saldana would get any lesser sentence, other than the fact that his original second degree felony was reduced to a fourth degree felony because of the plea agreement, thereby resulting in a considerable reduction in the maximum possible sentence.

**{¶17}** Although the State did not mention that the offense had occurred in Ohio when it reviewed the underlying facts, that element was clearly specified in the bill of information, which Saldana acknowledged. "[F]or a trial court to determine that a defendant in a criminal case understands the nature of the charge to which he was entering a guilty plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *State v. Cantrell*, 10th Dist. No. 01-AP-818, 2002-Ohio-1353, quoting *State v. Rainey*, 3 Ohio App.3d 441 (10th Dist.1982).

{¶18} The trial court complied with all aspects of the law to ensure that Saldana's guilty plea was entered knowingly, voluntarily, and intelligently. The second assignment of error is overruled.

{¶19} The first assignment of error raised by Saldana complains that the trial court abused its discretion when it sentenced him to the maximum sentence. Saldana claims that the trial court failed to consider the required statutory sentencing factors. Although he acknowledges that the trial court "adequately found at least one factor under R.C. 2929.13(B)(1) to justify a possible prison term for a fourth degree felony," he claims that the court failed to consider the factors with the proper weight and proportionality. And, he argues that the trial court failed to consider the mitigating factors.

{¶20} Ever since the Ohio Supreme Court's ruling in *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St .3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 37. Courts, nevertheless, are still required to comply with the sentencing laws unaffected by *Foster*, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *Mathis* at ¶ 38.

{¶21} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Meanwhile, R.C. 2929.11(B) states that felony sentences must be both "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and consistent with sentences imposed in similar cases.

{¶22} Pursuant to App.R. 9(C), a "Statement of the Evidence or Proceeding" ("Statement") was submitted because a transcript of the sentencing hearing was not available. There was no objection by the State, and the Statement was approved by the trial court. The Statement indicated that the sentencing judgment entry accurately reflected the sentencing as ordered by the trial court, and included the affidavit of Saldana's trial council who stated that she had highlighted the following in mitigation: that Saldana suffered the brunt of the injuries in the altercation; his intent in going to the victim's residence was to speak with him about a personal matter, not to cause an altercation; and that he regretted

that the matter turned into a physical altercation and he accepted responsibility for his actions.

{¶23} In the Judgment Entry of Sentence, the trial court stated:

The Court has considered the record, oral statements, any victim impact statements, and the pre-sentence investigation report prepared, as well as the principles and purposes of sentencing under [R.C.] 2929.11 and 2929.12. The Court finds that [Saldana] did cause serious physical harm to the victim, that the offense involved an actual threat of harm, and that [Saldana] has a prior offense of violence, and that [Saldana] has served a prison term.

(May 14, 2012 J.E.)

{¶24} Saldana's sentence was within the statutory range for the offense, and he had been informed repeatedly that he could be subject to the maximum eighteen-month sentence. Additionally, the trial court considered the purposes and principals for felony sentencing set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and the recidivism of the offender pursuant to R.C. 2929.12. *See State v. Pence*, 3d Dist. No. 2–11–18, 2012–Ohio–1794, ¶ 7.

{¶25} Saldana selects the wording in the judgment entry of sentencing stating that "the Defendant has *a* prior offense of violence, and that the Defendant has served *a* prior prison term," upon which to base his argument that "*one* prior violent offense" may be a justification for imposing "any" prison term, but it cannot be a justification for a maximum term. (Emphasis added.) (Appellant's Brief, p. 8) He also cited to an Ohio Supreme Court case for the proposition that

merely because a person has been convicted of one offense, that is not necessarily a clear predictor of whether that person is likely to engage in similar offenses in the future. (Appellant's Br., p. 14, citing to *State v. Eppinger*, 90 Ohio St.3d 153, 162, 2001-Ohio-247).[1]

{¶26} However, the record contradicts Appellant's assertion that he has been convicted of only *one* offense and served only *one* term of incarceration. Although the trial court did not proffer a long list of Santana's prior offenses in the judgment entry itself, the court stated that it considered the pre-sentence investigation report ("PSI"), which indicated that Santana had a long history of criminal activity, including multiple prior offenses of violence and a history of recidivism. Saldana, who was 26 years old at the time he committed the offense, had numerous, repeated juvenile offenses, beginning when he was thirteen years old. Shortly after he turned eighteen, he was convicted as an adult of aggravated menacing, followed by convictions for criminal trespassing and disorderly conduct; assault in 2004; criminal mischief; multiple counts of violation of protection orders; felony trafficking in drugs; and additional menacing charges, (amended to persistent disorderly conduct). He was incarcerated several times, and the PSI further indicated that Saldana's compliance with conditions of probation was "extremely poor."

---

[1] We note that the issue in *Eppinger* is not exactly on point, pertaining to sexual predator classification hearings.

{¶27} Based on the above, we find that the trial court properly considered all of the appropriate statutory factors, and that the record supports the trial court's findings and the imposition of the maximum sentence in order to punish the defendant and to protect the public. Therefore, Saldana's first assignment of error is overruled.

{¶28} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**