[Cite as *State v. Buell*, 2018-Ohio-2140.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  3-17-14

      v.

NICHOLAS T. BUELL,               O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Crawford County Common Pleas Court
Trial Court No. 17-CR-0090

**Judgment Affirmed**

**Date of Decision:   June 4, 2018**


APPEARANCES:

    *Adam Charles Stone* **for Appellant**

    *Rhonda L. Best* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Nicholas T. Buell ("Buell"), appeals the October 6, 2017 judgment entry of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On April 18, 2017, the Crawford County Grand Jury indicted Buell on 16 counts: Count One of importuning in violation of R.C. 2907.07(D)(2), a fourth-degree felony; Counts Two through Five of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), fifth-degree felonies; and Counts Six through Sixteen of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), fourth-degree felonies. (Doc. No. 1). On April 24, 2017, Buell appeared for arraignment and entered pleas of not guilty. (Doc. No. 5).

{¶3} On August 7, 2017, Buell withdrew his pleas of not guilty and entered guilty pleas as to all 16 counts. (Doc. No. 12). The trial court accepted Buell's guilty pleas, found him guilty, and ordered a pre-sentence investigation. (*Id.*).

{¶4} On October 5, 2017, the trial court sentenced Buell to 11 months in prison on Count One, 7 months in prison on each of Counts Two through Five, and 10 months in prison on each of Counts Six through Sixteen to be served consecutively for an aggregate term of 149 months' imprisonment. (Doc. No. 17). On October 6, 2017, the trial court filed its judgment entry of sentence. (*Id.*).

{¶5} Buell filed his notice of appeal on November 1, 2017. (Doc. No. 22). He raises one assignment of error.

**Assignment of Error**

**The trial court erred in sentencing Appellant to an aggregate total sentence of one-hundred and forty-nine (149) months without giving proper weight to the mitigating factors of the Appellant.**

{¶6} In his assignment of error, Buell argues that the trial court erred in sentencing him to 149 months in prison. Specifically, Buell argues that the trial court overlooked a "significant amount of mitigation" evidence and that the trial court's ability to weigh the mitigating factors was "overshadowed and outweighed by the trial court's emotions and sexual biases." (Appellant's Brief at 8).

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As fourth-degree felonies, importuning and pandering sexually oriented matter involving a minor carry a sanction of 6 to 18 months' imprisonment. R.C. 2907.07(D)(2), (F)(3); R.C. 2907.322(A)(5), (C); R.C. 2929.13(B)(1)(b)(v) (July 1, 2017) (current version at R.C. 2929.13(B)(1)(b)(v) (Oct. 17, 2017)); R.C. 2929.14(A)(4) (Apr. 6, 2017) (current version at R.C. 2929.14(A)(4) (Oct. 17, 2017)). As a fifth-degree felony, disseminating matter harmful to juveniles carries a sanction of 6 to 12 months' imprisonment. R.C. 2907.31(A)(1), (F); R.C. 2929.13(B)(1)(b)(v) (July 1, 2017) (current version at R.C. 2929.13(B)(1)(b)(v) (Oct. 17, 2017)); R.C. 2929.14(A)(5) (Apr. 6, 2017) (current version at R.C. 2929.14(A)(5) (Oct. 17, 2017)).

{¶9} The trial court sentenced Buell to 11 months in prison on 1 count of importuning, 7 months in prison on each of 4 counts of disseminating matter harmful to juveniles, and 10 months in prison on each of 11 counts of pandering sexually oriented matter involving a minor. As such, the trial court's sentences fall within the statutory ranges. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'"

*Nienberg* at ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶10}** "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A).

**{¶11}** Here, it is clear from the record that the trial court sentenced Buell after considering the purposes of felony sentencing set out in R.C. 2929.11(A) and the R.C. 2929.12(B)-(E) factors relating to the seriousness of Buell's conduct and the likelihood of his recidivism. At the sentencing hearing, the trial court stated that

its job was to "determine basically what sentence is appropriate in order to punish the offender * * * as well as protect the public from future crime." (Oct. 5, 2017 Tr. at 19). Later, the trial court remarked that "[the trial court has] statutes that [it has] to follow, the most important of which [is], to punish the offender and to protect the public." (*Id.* at 25). The trial court also specifically referenced R.C. 2929.11. (*See id.* at 30). In addition, the trial court discussed at length the mitigating and aggravating factors it considered in making its sentencing decision. (*See id.* at 19-30). Moreover, the trial court indicated that it "looked at * * * 2929.12." (*Id.* at 30). Finally, in its judgment entry of sentence, the trial court stated: "The Court has considered the * * * principles and purposes of sentencing under Ohio Revised Code section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code section 2929.12 and 2929.14." (Doc. No. 17). *See Maggette* at ¶ 32 ("A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."), citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶12} Nevertheless, Buell contends that his sentences are unsupported by the record or contrary to law because the trial court did not properly consider the relevant mitigating factors. Buell points to the fact that a sex offender evaluation and risk assessment indicated that he was unlikely to recidivate, that he immediately

took responsibility for his actions by pleading guilty to the entire indictment, and that he has no other criminal record, a strong history of community service, and strong familial and community support. (Appellant's Brief at 8-9). *See* R.C. 2929.12(E). Buell argues that the trial court's emotional response to the facts of this case and its "sexual biases" overwhelmed its ability to fairly and impartially weigh these mitigating factors.

{¶13} Buell's arguments are meritless. Buell is correct that the trial court had a strong emotional reaction to the facts of this case and to the evidence it reviewed in determining Buell's sentence. (*See* Oct. 5, 2017 Tr. at 24-27). However, the mere fact that a trial court has a strong emotional reaction does not automatically strip it of its impartiality or sense of fairness. *See State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, ¶ 41, 46-47 (2d Dist.). To the contrary, the record shows that the trial court carefully considered the relevant mitigating factors in spite of its emotional response, eventually settling on an aggregate sentence which is nearly 10 years less than the statutory maximum and more than 7 years less than the sentence requested by the State. (*See* Oct. 5, 2017 Tr. at 2-3, 19-21, 27-29). Similarly, the record does not reveal any "sexual bias" on the part of the trial court that rendered it incapable of fairly considering the mitigating factors. The trial court noted that the type of sex Buell sought to have with a person he believed to be a 13-year-old girl was not "just any type of sex." (Oct. 5, 2017 Tr. at 22). The trial

court explained that Buell had talked about "bondage" and that he wanted the purportedly 13-year-old girl to "engage in sex with an animal." (*Id.*). However, rather than exposing a bias toward Buell because of his sexual proclivities, as Buell argues, the trial court's extemporaneous statements are better characterized as simply describing the types of sexual acts discussed by Buell. Moreover, even if we were to find that the trial court's statements expressed a disdain for the sexual activities described by Buell that could conceivably taint the trial court's weighing of the mitigating factors, an objective reading of the entire record suggests that Buell's sentences were influenced by the fact that he tried to engage in those sexual activities with a person he believed to be a 13-year-old girl rather than by the fact that he tried to engage in those particular sexual activities. After reviewing the record as a whole, it is likely that the trial court would have reached the same sentencing conclusions had Buell simply attempted to engage in "conventional" sexual activities with a person he thought was a 13-year-old girl.

{¶14} Furthermore, there is ample evidence in the record supporting the trial court's imposition of Buell's sentences. Specifically, as to the 11 counts of pandering sexually oriented matter involving a minor, the trial court emphasized that Buell was found in possession of numerous video and picture files depicting females as young as five years old being forced to engage in a variety of graphic sexual activities with other minors, adults, or animals. (Oct. 5, 2017 Tr. at 22-24).

As a consumer of these materials, the trial court noted that Buell was "adding to" "a demand for child pornography" that "exploits the weakest among us," and, as such, the trial court recognized that the children who are the subjects of this material are the ultimate victims of Buell's conduct. (*Id.* at 26). *See State v. Ziska*, 8th Dist. Cuyahoga No. 102798, 2016-Ohio-390, ¶ 21 ("Child pornography is not a victimless crime. * * * [E]ach time an image or video [is] viewed, downloaded, or shared, the children [are] victimized all over again."). The record shows that the trial court viewed the age of the victims—"little girls" who suffered "unspeakable acts, acts that are borderline torture, acts that involve violence and degradation"— as exacerbating the severity of their injuries. (*See* Oct. 5, 2017 Tr. at 25). *See also* R.C. 2929.12(B)(1). Similarly, the record indicates that the trial court considered whether the victims of Buell's conduct suffered grievous physical and psychological harm as a result. (Oct. 5, 2017 Tr. at 25-26). *See* R.C. 2929.12(B)(2). The record also reveals that the trial court considered the extent to which Buell showed genuine remorse for his actions. (Oct. 5, 2017 Tr. at 28-30). *See* R.C. 2929.12(D)(5), (E)(5). Finally, the trial court noted that Buell's offense of pandering sexually oriented matter involving a minor did not take place in a vacuum; he actively tried to "entice" a person he believed to be a 13-year-old female to engage in sexual activity by sending that person pictures of his genitalia. (Oct. 5, 2017 Tr. at 22). The trial court observed that Buell, in contacting the supposed 13-year-old, "took elements of the

things he was watching and then wanted to apply it to his own personal life." (*Id.* at 26). The sentences the trial court settled on are, in part, designed to "protect every other underaged girl out there who could become a victim." (*Id.*). *See* R.C. 2929.11(A).

**{¶15}** Likewise, the record reflects that the trial court was cognizant of the mitigating factors identified by Buell, including that Buell had not been previously adjudicated a delinquent child or convicted of a criminal offense and that his risk of recidivism is low, and the trial court thoroughly reviewed these factors before settling on a sentence commensurate with the severity of his conduct. (*See* Oct. 5, 2017 Tr. at 2-3, 19-21, 27-29). *See also* R.C. 2929.12(E)(1)-(4). Ultimately, "'[a] sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12,'" and here, the trial court afforded more weight to the aggravating factors presented than to the mitigating factors. *Smith*, 2015-Ohio-4225, at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶16}** Therefore, there is not clear and convincing evidence that Buell's sentences are unsupported by the record or that his sentences are otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶17}** Buell's assignment of error is overruled.

**{¶18}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**