[Cite as *State v. Lawrence*, 2019-Ohio-1281.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 8-18-50

v.

JEREMY L. LAWRENCE,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 11 0405

**Judgment Affirmed**

**Date of Decision: April 8, 2019**

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Holly N. Looser* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jeremy L. Lawrence ("Lawrence"), appeals the September 5, 2018 judgment of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On December 12, 2017, the Logan County Grand Jury indicted Lawrence on two counts: Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony, and Count Two of illegal use or possession of marihuana drug paraphernalia in violation of R.C. 2925.141(C), (F), a minor misdemeanor. (Doc. No. 5). Count One also included two forfeiture specifications under R.C. 2941.1417(A) seeking forfeiture of an automobile allegedly used in the commission of Count One, as well as $190.00 in cash related to the count. (*Id.*). On February 27, 2018, Lawrence appeared for arraignment and entered pleas of not guilty to the counts and specifications in the indictment. (Doc. No. 16).

{¶3} On June 14, 2018, under a negotiated plea agreement, Lawrence withdrew his pleas of not guilty and entered a plea of guilty to Count One in the indictment. (Doc. No. 35). In exchange, the State agreed to recommend dismissal of Count Two and the specifications as to Count One. (*Id.*). The trial court accepted Lawrence's guilty plea, found him guilty, and ordered a presentence investigation. (*Id.*). The trial court also approved the State's application for the dismissal of Count

Two of the indictment and the specifications as to Count One and dismissed the same. (*Id.*).

{¶4} On September 5, 2018, the trial court sentenced Lawrence to 12 months in prison and ordered that his sentence be served consecutively to his sentences in Logan County Court of Common Pleas Case Nos. CR16-12-0352 and CR17-03-0077 for an aggregate term of 36 months' imprisonment.[1]  (Doc. No. 56).

{¶5} Lawrence filed his notice of appeal on September 28, 2018.  (Doc. No. 67).  He raises one assignment of error.

### Assignment of Error

**The court erred by imposing a sentence unsupported by the record per O.R.C. § 2929.14.**

{¶6} In his assignment of error, Lawrence argues that the trial court erred in sentencing him to 12 months in prison.  Specifically, Lawrence argues that the record does not support the need for the maximum sentence because his prior convictions consist largely of drug possession charges and because "[he] harms no one but himself by using drugs."  (Appellant's Brief at 3).  Lawrence also contends

---

[1] At the time of sentencing, Lawrence was also being sentenced for probation violations in Case Nos. CR16-12-0352 and CR17-03-0077.  (*See* Doc. No. 56).  In each of those cases, Lawrence was sentenced to 12 months in prison.  (*See id.*).  The trial court ordered that the 12-month sentences in CR16-12-0352 and CR17-03-0077 be served consecutively to each other and to the 12-month sentence in this case, resulting in a total term of 36 months' imprisonment.  (*Id.*).  However, Lawrence's notice of appeal was filed only in case number CR17-11-0405.  (Doc. No. 67).  Thus, for purposes of this appeal, Lawrence is challenging neither his 12-month sentences in Case Nos. CR16-12-0352 and CR17-03-0077 nor the fact that his sentences in Case Nos. CR 16-12-0352 and CR17-03-0077 are to run consecutively to each other and to his 12-month sentence in this case.

that his substance abuse would be better treated with court-sanctioned rehabilitation, rather than imprisonment. (*Id.* at 4-6).

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a fifth-degree felony, aggravated possession of drugs carries a sanction of 6 to 12 months' imprisonment. R.C. 2925.11(A), (C)(1)(a) (Sept. 14, 2016) (current version at R.C. 2925.11(A), (C)(1)(a) (Mar. 22, 2019)); R.C. 2929.14(A)(5) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(5) (Mar. 22, 2019)).

{¶9} The trial court sentenced Lawrence to 12 months in prison on Count One. As such, the trial court's sentence falls within the statutory range. "'[A]

sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *Nienberg* at ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B) (Sept. 30, 2011) (current version at R.C. 2929.11(B) (Oct. 29, 2018)). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A).

{¶11} Here, it is clear from the record that the trial court sentenced Lawrence after considering the purposes of felony sentencing set out in R.C. 2929.11(A) and the R.C. 2929.12(B)-(E) factors relating to the seriousness of Lawrence's conduct and the likelihood of his recidivism. At the sentencing hearing, the trial court identified the overriding purposes and principles of felony sentencing as "deterrence of [Lawrence] and others," "protect[ion] [of] the public from * * * future crimes," and "incapacitat[ion]." (Sept. 5, 2018 Tr. at 27-28). The trial court also recognized that "rehabilitation * * * is not yet in the legislative scheme" but acknowledged that the revised version of the statute, not yet in place at the time of Lawrence's sentencing hearing, includes rehabilitation as an overriding purpose of felony sentencing. (*Id.* at 28). Additionally, the trial court discussed at length the mitigating and aggravating factors it considered in imposing Lawrence's sentence. (*See id.* at 14-30). In its judgment entry of sentence, the trial court stated:

> The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11. The Court has also considered the need for deterrence, incapacitation, rehabilitation, and restitution. The Court has given no consideration to the Defendant's race, gender, ethnic origin or religious belief.

(Doc. No. 56). *See Maggette* at ¶ 32 ("A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations

under the sentencing statutes."), citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶12} Nevertheless, Lawrence contends that his sentence is unsupported by the record because "almost all" of his prior convictions have been drug possession charges and because he "harms no one but himself by using drugs." (Appellant's Brief at 3). Lawrence argues that his substance abuse requires "ongoing and intensive rehabilitative support" which will not be available to him in prison. (*Id.* at 4). Lawrence opines that "a misunderstanding of the record" led to his prison sentence. (*Id.* at 6).

{¶13} Lawrence's argument that his sentence is excessive because the majority of his prior convictions have been drug possession charges that are not hurting anyone but himself is without merit. Lawrence correctly asserts that the majority of his recent convictions are for the same offense–aggravated possession of drugs. (*See* PSI at 4-7). In fact, the record indicates that, including the instant case, Lawrence was charged with aggravated possession of drugs, specifically methamphetamine, three separate times in a period of less than one year. (*See id.* at 5-7).

{¶14} However, rather than serving as a mitigating factor, as Lawrence suggests, Lawrence's repeated convictions for aggravated possession of drugs, particularly in a limited period of time, were considered by the trial court as an

aggravating factor, as it indicated that Lawrence was likely to reoffend. At the sentencing hearing, the trial court reviewed Lawrence's criminal history at length several times and "note[d] with dismay * * * [that] every single one of these cases is the same aggravated possession of drugs" and that it is "the same drug every time." (Sept. 5, 2018 Tr. at 15, 24, 29). Of particular concern to the trial court was the fact that Lawrence's second and third convictions for aggravated possession of drugs occurred while Lawrence was under community control sanctions for the previous offenses. (*See id.* at 15-17, 24). The trial court described Lawrence's recidivism as "almost epic" noting that he was "out long enough to get more drugs and get caught again before [he was] out again and getting caught using more drugs again." (*Id.* at 28). The trial court noted that it had "bent over backwards to keep [Lawrence] inside the ladder of community corrections, only to fail." (*Id.*). Thus, although Lawrence's recent felony history is limited to convictions for aggravated possession of drugs, his sentence is not disproportionate to his offenses given the limited time period in which his convictions occurred and his failure to respond to community control sanctions.

{¶15} Lawrence's assertion that his sentence is excessive because his substance abuse requires "ongoing and intensive rehabilitative support" which will not be available to him in prison is likewise without merit. It is undisputed that Lawrence struggles with substance abuse. As detailed above, the instant case marks Lawrence's third indictment and subsequent conviction for aggravated possession

of drugs in a limited period of time. As the trial court and probation officer noted at the sentencing hearing, the trial court placed Lawrence under community control sanctions for his previous two aggravated-possession-of-drugs charges, only for Lawrence to reoffend. (*Id.* at 12-15, 24).

{¶16} Additionally, Lawrence was ordered to complete a drug rehabilitation program through West Central Community Correctional Facility ("West Central"). (*Id.* at 24). (*See* PSI at 6, 9). Although Lawrence did complete the program, he was charged with aggravated possession of drugs in the instant case approximately six months after his completion of the program and admitted that he continued to use methamphetamine after his release from West Central. (Sept. 5, 2018 Tr. at 24); (PSI at 6-7). Moreover, Lawrence failed to report for mandatory drug tests in four consecutive months preceding the sentencing hearing. (Sept. 5, 2018 Tr. at 20). Thus, the record indicates that Lawrence has consistently failed to respond favorably to court-mandated drug rehabilitation.

{¶17} Moreover, contrary to Lawrence's assertion, the trial court indicated that it sentenced Lawrence to prison, in part, in an effort to rehabilitate Lawrence, which the trial court referred to as a "goal" in this case. (*Id.* at 30). The trial court specifically stated that it has observed "remarkable success" in treating drug abuse of habitual offenders by sentencing them to a correctional institution where they are enrolled in drug rehabilitation programming before being integrated into West Central, and then into the Adult Recovery Court. (*Id.* at 16). The trial court

expressed its desire to "work with [Lawrence]" to give him a "different foundation" to tackle his substance abuse. (*Id.* at 30).

{¶18} Therefore, Lawrence's sentence is not disproportionate to his offenses given his habitual recidivism and lack of success in previous court-ordered rehabilitation programs.

{¶19} Finally, Lawrence's argument that a "misunderstanding of the record" led to his prison sentence is also without merit. Lawrence argues that his sentence was based upon a "misunderstanding of the record" because he has not been through Adult Recovery Court as indicated by the trial court. (Appellant's Brief at 6). However, the record does not support Lawrence's assertion that the trial court sentenced him based upon a misunderstanding. Here, while the trial court did reference Adult Recovery Court, Lawrence and his trial counsel both clarified with the trial court that Lawrence had not formally entered the Adult Recovery Court. (Sept. 5, 2018 Tr. at 18-20). The trial court also clarified that it had continued the sentencing hearing for several months, in part, to observe how Lawrence would respond to his "freedom" and therefore, to assess Lawrence's amenability to Adult Recovery Court. (*Id.* at 20). However, Lawrence failed to report for court-ordered drug testing for four consecutive months. (*Id.*). Thus, the trial court was aware that Lawrence had not been enrolled in Adult Recovery Court at the time of sentencing and did not err in sentencing Lawrence to prison due to a "misunderstanding of the record."

**{¶20}** In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Lawrence's sentence is within the statutory range. Therefore, there is not clear and convincing evidence that Lawrence's sentence is unsupported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶21}** Lawrence's assignment of error is overruled.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**