[Cite as *State v. Lewis*, 2020-Ohio-6890.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  5-20-22

    v.

STEVEN R. LEWIS,                    **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2019 CR 438

Judgment Affirmed

Date of Decision:  December 28, 2020

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Steven M. Powell* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Steven R. Lewis ("Lewis"), appeals the April 29, 2020 judgment of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On October 13, 2019, Lewis's vehicle was stopped by an officer of the Findlay Police Department. Following the stop, the officer ordered Lewis to exit the vehicle. The officer then conducted a search of Lewis's person, during which the officer discovered "[a] one by one inch bag" containing suspected methamphetamine as well as suspected methamphetamine "in the inside band of [Lewis's] hat." (Doc. No. 25).

{¶3} On October 22, 2019, the Hancock County Grand Jury indicted Lewis on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony. (Doc. No. 1). On October 30, 2019, Lewis appeared for arraignment and pleaded not guilty. (Doc. No. 7).

{¶4} A change of plea hearing was held on February 25, 2020. At the change of plea hearing, the State requested that the single count of the indictment be amended from third-degree felony aggravated possession of drugs to fifth-degree felony aggravated possession of drugs. (Doc. No. 33); (Feb. 25, 2020 Tr. at 4). The trial court granted the State's request, and Lewis subsequently pleaded guilty to the amended count. (Doc. Nos. 30, 33). The trial court accepted Lewis's guilty plea,

found him guilty, and ordered the preparation of a presentence investigation report ("PSI"). (*Id.*).

{¶5} On April 20, 2020, the trial court sentenced Lewis to 12 months in prison. (Doc. No. 35). The trial court filed its judgment entry of sentence on April 29, 2020. (*Id.*).

{¶6} On May 21, 2020, Lewis filed a notice of appeal. (Doc. No. 39). He raises one assignment of error for our review.

**Assignment of Error**

**Because the record, as shown by clear and convincing evidence, does not support the trial court's findings, pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant was not supported by the record.**

{¶7} In his assignment of error, Lewis argues that the trial court erred by sentencing him to 12 months in prison.

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a fifth-degree felony, aggravated possession of drugs carries a sanction of 6 to 12 months' imprisonment. R.C. 2925.11(A); R.C. 2929.13(B)(2); R.C. 2929.14(A)(5).

{¶10} In this case, Lewis was sentenced to 12 months' imprisonment. Accordingly, the trial court's sentence is within the statutory range. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶11} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state and local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the

offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶12} From the record, it is clear that the trial court sentenced Lewis after considering the overriding purposes of felony sentencing set forth in R.C. 2929.11(A) and the relevant R.C. 2929.12(B)-(E) factors. First, at the sentencing hearing, the trial court stated that it "consider[ed] the relevant statutory requirements, [R.C.] 2929.11, which are * * * the principles and purposes of sentencing" as well as "the factors under [R.C.] 2929.12, which are * * * seriousness

and recidivism factors." (Apr. 20, 2020 Tr. at 7). Furthermore, in its judgment entry of sentence, the trial court stated that it had "considered * * * the principles and purposes of sentencing under the guidelines of [R.C.] 2929.11 and the seriousness and recidivism factors under [R.C.] 2929.12." (Doc. No. 35). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore, the record establishes that the trial court fulfilled its obligation to consider R.C. 2929.11 and 2929.12 when it sentenced Lewis.

{¶13} Nevertheless, Lewis argues that, for a number of reasons, his sentence is not supported by the record. First, Lewis argues that "the record shows that none of the factors were present making [his] conduct 'more serious than conduct normally constituting the offense.'" (Appellant's Brief at 6). Indeed, at the sentencing hearing, the trial court acknowledged that "other than the amount of drugs that were on [Lewis] * * *, there is nothing particularly better or worse about these facts than any other facts of a similar nature." (Apr. 20, 2020 Tr. at 8). Thus, the record supports that while the trial court considered whether any of the R.C. 2929.12(B) and (C) seriousness factors applied, the trial court gave those factors little to no weight when it imposed Lewis's sentence.

{¶14} Yet, this does not render Lewis's sentence unsupported by the record because it is clear that the trial court's sentencing decision was driven by its evaluation of the recidivism factors contained in R.C. 2929.12(D) and (E) and its determination that, in light of these factors, Lewis was likely to commit future crimes. With respect to the factors indicating that Lewis was not likely to commit future crimes, the trial court noted that Lewis acknowledged that he was "wrong for what [he] did" and that he deserved to be punished. (Apr. 20, 2020 Tr. at 9). Accordingly, the trial court considered whether Lewis was less likely to reoffend because he expressed genuine remorse. *See* R.C. 2929.12(E)(5). However, this was the only factor that suggested that Lewis was unlikely to reoffend, and the trial court stated that the remaining factors "indicate that recidivism is more likely." (Apr. 20, 2020 Tr. at 9). The trial court recognized that Lewis had a juvenile record, including an adjudication for conduct that would have been a felony if committed by an adult. (*Id.*); (PSI at 3-4). *See* R.C. 2929.12(D)(2). The trial court also noted that Lewis has "an adult record that includes theft offenses, violations of protection orders, offenses of violence, [and] drug and alcohol related offenses." (Apr. 20, 2020 Tr. at 9); (PSI at 4-7). *See* R.C. 2929.12(D)(2). Specifically, the trial court observed that Lewis went to prison in 2014 for third-degree felony intimidation of a crime victim or witness and that he went to prison in 2015 for trafficking in heroin and permitting drug abuse. (Apr. 20, 2020 Tr. at 9-10); (PSI at 6).

{¶15} Furthermore, the trial court highlighted instances in Lewis's history that demonstrate that Lewis has not responded favorably to sanctions previously imposed for criminal convictions. *See* R.C. 2929.12(D)(3). The trial court observed that after the conclusion of Lewis's prison term for trafficking in heroin and permitting drug abuse, he committed additional misdemeanor offenses. (Apr. 20, 2020 Tr. at 10); (PSI at 6). The trial court also noted that Lewis was sentenced to another prison term in 2018 for possession of heroin and trafficking in heroin, for which he was granted judicial release in September 2018. (Apr. 20, 2020 Tr. at 10); (PSI at 6). However, Lewis did not comply with the terms of his judicial release, and he was terminated unsuccessfully in September 2019—a little more than a month before he committed the offense in the instant case. (Apr. 20, 2020 Tr. at 10); (PSI at 6-7). Finally, the trial court observed that Lewis was charged with and convicted of criminal damaging in Seneca County while out on bond in the instant case. (Apr. 20, 2020 Tr. at 10); (PSI at 7).

{¶16} Based on its consideration of the R.C. 2929.12(D) and (E) recidivism factors, the trial court concluded that "recidivism is more likely," and after review, we conclude that the record supports the trial court's conclusion. (Apr. 20, 2020 Tr. at 10). As noted above, the trial court has broad discretion to weigh the relevant sentencing factors, and a sentence is not unsupported by the record simply because the trial court gave more weight to some sentencing factors than it did to others.

Therefore, although the trial court did not determine that Lewis's conduct was more serious than conduct normally constituting the offense, because the record supports the weight given by the trial court to the R.C. 2929.12(D) and (E) recidivism factors, we conclude that Lewis's sentence is not unsupported by the record.

{¶17} Next, Lewis argues that his sentence is unsupported by the record because "[t]he record does not show that the trial court properly considered the possibility of rehabilitation in sentencing [him]." (Appellant's Brief at 7). He contends that "the trial court appears to have rejected the possibility of community control, possibly including treatment," in favor of a prison sentence and that the trial court's decision not to impose a community control sanction shows that it failed to consider a sentence that would "promote the effective rehabilitation of the offender" as required by R.C. 2929.11(A). (*Id.*).

{¶18} We disagree. The record reflects that the trial court was well aware of Lewis's substance abuse problems and his likely need for rehabilitation. At the sentencing hearing, the trial court stated that "there are probably drug and alcohol issues that need to get addressed." (Apr. 20, 2020 Tr. at 11). Moreover, after the trial court pronounced its sentence, it "strongly suggest[ed]" that Lewis "take advantage of what [he] can while [he is in prison], in terms of the counseling and treatment and things that are available." (*Id.* at 22). Based on the trial court's statements at the sentencing hearing, it appears that a key factor in the trial court's

decision to sentence Lewis to a prison term, rather than a less restrictive sanction that might have included drug and alcohol treatment, was the trial court's conclusion that Lewis's "criminal history * * * indicate[s] [that he does not] follow court orders well." (*See id.* at 11-12). The record certainly supports the trial court's concerns in this respect. Therefore, contrary to Lewis's argument, the record establishes that the trial court was cognizant of Lewis's need for rehabilitation, and the record further suggests that the trial court might have believed that Lewis was more likely to be effectively rehabilitated in prison than on community control. In any event, it is clear that the trial court properly considered all of the purposes and principles of felony sentencing as required by R.C. 2929.11.

{¶19} Finally, Lewis argues that "[t]he record * * * shows that the trial court failed to consider current conditions in the Ohio incarceration system due to the ongoing COVID-19 pandemic." (Appellant's Brief at 8). He maintains that "[w]hile not specifically codified as a sentencing factor, the trial court should have considered issues of prison overcrowding in fashioning its sentence, which it could have considered as 'substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.'" (*Id.*). *See* R.C. 2929.12(C)(4).

{¶20} Lewis's argument is without merit. We do not believe that R.C. 2929.12(C)(4) can be applied in the way urged by Lewis. In general, R.C. 2929.12(C)(4) directs the trial court to consider the offender's distinguishing

personal characteristics and the particular details of the offender's conduct when determining whether the offender's conduct is less serious than conduct normally constituting the offense. *See State v. Will*, 10th Dist. Franklin No. 18AP-759, 2019-Ohio-3906, ¶ 24 ("[A]n offender's physical and psychological state can be considered as a mitigating factor, under R.C. 2929.12(C)(4), when the offender's physical and psychological state is relevant to the offender's conduct."); *State v. Legg*, 4th Dist. Pickaway No. 14CA23, 2016-Ohio-801, ¶ 56-58 (noting that an offender's youth and status as an accomplice, rather than as a principal, may be considered as substantial grounds to mitigate the offender's conduct). Logistical issues inherent in the imprisonment of an offender, such as whether an offender can be safely housed in the midst of an ongoing pandemic, have no logical relationship to the seriousness of an offender's conduct.[1] *See Will* at ¶ 25 ("[T]he added cost to imprison appellee due to his physical illness has no bearing on the seriousness of [his] criminal conduct. * * * [T]he fact that it may cost the state more money to incarcerate [him] due to his medical condition does not mitigate his prior conduct * * *."). Accordingly, we conclude that the trial court did not err by not considering prison overcrowding and the COVID-19 pandemic as "substantial grounds to mitigate" Lewis's conduct.

---

[1] We recognize that, in fashioning a felony sentence, the trial court must "us[e] the minimum sanctions that [it] determines accomplish [the purposes of felony sentencing] without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). However, Lewis based his argument in R.C. 2929.12(C)(4), rather than in the purposes and principles of felony sentencing.

**{¶21}** In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Lewis's sentence is within the statutory range. Accordingly, there is not clear and convincing evidence that Lewis's sentence is unsupported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶22}** Lewis's assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**